UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                            :
NETRATINGS, INC.,                           :
                                            :
                Plaintiff,                  :
                                            :  Civil Action No. 06-3988 (JMR/FLN)
        v.                                  :
                                            :
DIGITAL RIVER, INC., DIGITAL RIVER          :
E-BUSINESS SERVICES, INC.,                  :
FIRECLICK, INC., BLUEHORNET                 :  **JURY TRIAL DEMANDED**
NETWORKS, INC. and DIRECT                   :
RESPONSE TECHNOLOGIES, INC. a/k/a           :
DIGITAL RIVER MARKETING                     :
SOLUTIONS, INC.,                            :
                                            :
                Defendants.                 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff NetRatings, Inc. ("NetRatings"), by and through its undersigned counsel, as and for its Amended Complaint for Patent Infringement (the "Amended Complaint") against defendants Digital River, Inc. ("Digital River"), Digital River E-Business Services, Inc. ("Digital River E-Business Services"), Fireclick, Inc. ("Fireclick"), BlueHornet Networks, Inc. ("BlueHornet") and Direct Response Technologies, Inc., upon information and belief also known as Digital River Marketing Solutions, Inc. ("Direct Response") (collectively "Defendants"), states as follows:

## THE PARTIES

1. NetRatings is a Delaware corporation with its principal place of business at 770 Broadway, New York, New York 10003.

2. Upon information and belief, Digital River is a Delaware corporation with headquarters at 9625 West 76th Street, Eden Prairie, Minnesota 55344.

3. Upon information and belief, Digital River E-Business Services is a Delaware corporation with headquarters at 9625 West 76th Street, Eden Prairie, Minnesota 55344 and is a wholly owned subsidiary of Digital River.

4. Upon information and belief, Fireclick is a Delaware corporation with offices at 1890 N. Shoreline Boulevard, Mountain View, California 94043, and is a wholly owned subsidiary of Digital River, Inc.

5. Upon information and belief, Fireclick maintains an office in this District and has a corporate registration in the State of Minnesota, does business in the State of Minnesota and this District, contracts to supply goods or services within the State of Minnesota and this District, has continuous and systematic business contacts within the State of Minnesota and this District, derives substantial revenue from interstate commerce from goods used or services rendered in the State of Minnesota and this District and commits and has committed acts of patent infringement either within the State of Minnesota and this District, or outside the State of Minnesota and this District with a reasonable expectation that such acts would have consequences within the State of Minnesota and this District.

6. Upon information and belief, BlueHornet is a Delaware corporation with offices at 2150 W. Washington Street, Suite 110, San Diego, California 92110 and is a wholly owned subsidiary of Digital River.

7. Upon information and belief, BlueHornet does business in the State of Minnesota and this District, contracts to supply goods or services within the State of Minnesota and this District, has continuous and systematic business contacts within the State of Minnesota and this District, derives substantial revenue from interstate commerce from goods used or services rendered in the State of Minnesota and this District and commits and has committed acts of patent infringement either within the State of Minnesota and this District, or outside the State of Minnesota and this District with a reasonable expectation that such acts would have consequences within the State of Minnesota and this District.

8. Upon information and belief, Direct Response is a Delaware corporation with headquarters at 9625 West 76th Street, Eden Prairie, Minnesota  55344 and is a wholly owned subsidiary of Digital River.

## JURISDICTION AND VENUE

9. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 et seq.  This Court accordingly has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

10. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. §§ 1400(b).

## FACTS COMMON TO ALL COUNTS

11.     On October 7, 1997, United States Patent No. 5,675,510 (the "'510 Patent"), entitled COMPUTER USE METER AND ANALYZER, duly and legally issued to Coffey, et al.  NetRatings is the owner by assignment of the '510 Patent.  A true copy of the '510 Patent is annexed hereto as Exhibit 1.

12.     On September 5, 2000, United States Patent No. 6,115,680 (the "'680 Patent"), entitled COMPUTER USE METER AND ANALYZER, duly and legally issued to Coffee, et al.  NetRatings is the owner by assignment of the '680 Patent.  A true copy of the '680 Patent is annexed hereto as Exhibit 2.

13.     On August 22, 2000, United States Patent No. 6,108,637 (the "'637 Patent"), entitled CONTENT DISPLAY MONITOR, duly and legally issued to Blumenau.  NetRatings is a joint owner by assignment of the '637 Patent and has the exclusive right to enforce the '637 Patent against Defendants.  A true copy of the '637 Patent is annexed hereto as Exhibit 3.

14.     On October 24, 2000, United States Patent No. 6,138,155 (the "'155 Patent"), entitled METHOD AND APPARATUS FOR TRACKING CLIENT INTERACTION WITH A NETWORK RESOURCE AND CREATING CLIENT PROFILES AND RESOURCE DATABASE, duly and legally issued to Davis, et al.  NetRatings is the owner by assignment of the '155 Patent.  A true copy of the '155 Patent is annexed hereto as Exhibit 4.

15.     On July 13, 2004, United States Patent No. 6,763,386 (the "'386 Patent"), entitled METHOD AND APPARATUS FOR TRACKING CLIENT INTERACTION

4

WITH A NETWORK RESOURCE DOWNLOADED FROM A SERVER, duly and legally issued to Davis, et al.  NetRatings is the owner by assignment of the '386 Patent. A true copy of the '386 Patent is annexed hereto as Exhibit 5.

## COUNT I

### Infringement Of United States Patent No. 5,675,510 by Fireclick

16.  NetRatings repeats the allegations contained in Paragraphs 1 through 15 as though fully set forth herein.

17.  Upon information and belief, Fireclick has been, still is, and will continue infringing, contributing to the infringement of, and/or inducing the infringement of the '510 Patent in violation of 35 U.S.C. § 271 by making, selling, using and/or offering for sale one or more of its products, including, but not limited to, its Netflame, Advanced Warehouse and Advanced Marketing Suite products, alone and/or in combination with other Fireclick products or services.

18.  Upon information and belief, Fireclick has had notice of the '510 Patent and its infringement of the '510 Patent has been and continues to be willful, entitling NetRatings to enhanced damages pursuant to 35 U.S.C. § 284.

19.  As a result of Fireclick's infringement of the '510 Patent, NetRatings has suffered injury to its business and property in an amount to be determined as damages, and will continue to suffer damages in the future.

20. Unless an injunction is issued enjoining Fireclick and its officers, agents, servants, employees and attorneys, and all those persons in active concert or participation with it, from infringing the '510 Patent, NetRatings will be irreparably harmed.

21. Upon information and belief, with full knowledge of the '510 Patent, Fireclick willfully and wantonly infringed the '510 Patent in deliberate and intentional disregard of NetRatings' rights, making this an exceptional case pursuant to 35 U.S.C. § 285.

## COUNT II

### Infringement Of United States Patent No. 6,115,680 by Fireclick

22. NetRatings repeats the allegations contained in Paragraphs 1 through 21 as though fully set forth herein.

23. Upon information and belief, Fireclick has been, still is, and will continue infringing, contributing to the infringement of, and/or inducing the infringement of the '680 Patent in violation of 35 U.S.C. § 271 by making, selling, using and/or offering for sale one or more of its products, including, but not limited to, its Netflame, Advanced Warehouse and Advanced Marketing Suite products, alone and/or in combination with other Fireclick products or services.

24. Upon information and belief, Fireclick has had notice of the '680 Patent and its infringement of the '680 Patent has been and continues to be willful, entitling NetRatings to enhanced damages pursuant to 35 U.S.C. § 284.

25.     As a result of Fireclick's infringement of the '680 Patent, NetRatings has suffered injury to its business and property in an amount to be determined as damages, and will continue to suffer damages in the future.

26.     Unless an injunction is issued enjoining Fireclick and its officers, agents, servants, employees and attorneys, and all those persons in active concert or participation with it, from infringing the '680 Patent, NetRatings will be irreparably harmed.

27.     Upon information and belief, with full knowledge of the '680 Patent, Fireclick willfully and wantonly infringed the '680 Patent in deliberate and intentional disregard of NetRatings' rights, making this an exceptional case pursuant to 35 U.S.C. § 285.

## COUNT III

### Infringement Of United States Patent No. 6,115,680 by Digital River and Digital River E-Business Services

28.     NetRatings repeats the allegations contained in Paragraphs 1 through 27 as though fully set forth herein.

29.     Upon information and belief, Digital River and Digital River E-Business Services have been, still are, and will continue infringing, contributing to the infringement of, and/or inducing the infringement of the '680 Patent in violation of 35 U.S.C. § 271 by making, selling, using and/or offering for sale one or more products, including, but not limited to, Software Passport, Blue Hornet and Relevant Reach products, alone and/or in combination with each other and/or other products and/or services.

30.     Upon information and belief, Digital River has been, still is, and will continue infringing, contributing to the infringement of, and/or inducing the infringement of the '680 Patent in violation of 35 U.S.C. § 271 by making, selling, using and/or offering for sale one or more of Fireclick's infringing products.

31.     Upon information and belief, Digital River and Digital River E-Business Services have had notice of the '680 Patent and their infringement of the '680 Patent has been and continues to be willful, entitling NetRatings to enhanced damages pursuant to 35 U.S.C. § 284.

32.     As a result of Digital River and Digital River E-Business Services' infringement of the '680 Patent, NetRatings has suffered injury to its business and property in an amount to be determined as damages, and will continue to suffer damages in the future.

33.     Unless an injunction is issued enjoining Digital River and Digital River E-Business Services and their officers, agents, servants, employees and attorneys, and all those persons in active concert or participation with them, from infringing the '680 Patent, NetRatings will be irreparably harmed.

34.     Upon information and belief, with full knowledge of the '680 Patent, Digital River and Digital River E-Business Services willfully and wantonly infringed the '680 Patent in deliberate and intentional disregard of NetRatings' rights, making this an exceptional case pursuant to 35 U.S.C. § 285.

## COUNT IV

## Infringement Of United States Patent No. 6,108,637 by Fireclick

35. NetRatings repeats the allegations contained in Paragraphs 1 through 34 as though fully set forth herein.

36. Upon information and belief, Fireclick has been, still is, and will continue infringing, contributing to the infringement of, and/or inducing the infringement of the '637 Patent in violation of 35 U.S.C. § 271 by making, selling, using and/or offering for sale one or more of its products, including, but not limited to, its Netflame, Advanced Warehouse and Advanced Marketing Suite products, alone and/or in combination with other Fireclick products or services.

37. Upon information and belief, Fireclick has had notice of the '637 Patent and its infringement of the '637 Patent has been and continues to be willful, entitling NetRatings to enhanced damages pursuant to 35 U.S.C. § 284.

38. As a result of Fireclick's infringement of the '637 Patent, NetRatings has suffered injury to its business and property in an amount to be determined as damages, and will continue to suffer damages in the future.

39. Unless an injunction is issued enjoining Fireclick and its officers, agents, servants, employees and attorneys, and all those persons in active concert or participation with it, from infringing the '637 Patent, NetRatings will be irreparably harmed.

40. Upon information and belief, with full knowledge of the '637 Patent, Fireclick willfully and wantonly infringed the '637 Patent in deliberate and intentional

disregard of NetRatings' rights, making this an exceptional case pursuant to 35 U.S.C. § 285.

## COUNT V

### Infringement Of United States Patent No. 6,108,637 by Digital River and Digital River E-Business Services

41. NetRatings repeats the allegations contained in Paragraphs 1 through 40 as though fully set forth herein.

42. Upon information and belief, Digital River and Digital River E-Business Services have been, still are, and will continue infringing, contributing to the infringement of, and/or inducing the infringement of the '637 Patent in violation of 35 U.S.C. § 271 by making, selling, using and/or offering for sale one or more products, including, but not limited to, Software Passport, Blue Hornet and Relevant Reach products, alone and/or in combination with each other and/or other products and/or services.

43. Upon information and belief, Digital River has been, still is, and will continue infringing, contributing to the infringement of, and/or inducing the infringement of the '637 Patent in violation of 35 U.S.C. § 271 by making, selling, using and/or offering for sale one or more of Fireclick's infringing products.

44. Upon information and belief, Digital River and Digital River E-Business Services have had notice of the '637 Patent and their infringement of the '637 Patent has been and continues to be willful, entitling NetRatings to enhanced damages pursuant to 35 U.S.C. § 284.

45. As a result of Digital River and Digital River E-Business Services' infringement of the '637 Patent, NetRatings has suffered injury to its business and property in an amount to be determined as damages, and will continue to suffer damages in the future.

46. Unless an injunction is issued enjoining Digital River and Digital River E-Business Services and their officers, agents, servants, employees and attorneys, and all those persons in active concert or participation with them, from infringing the '637 Patent, NetRatings will be irreparably harmed.

47. Upon information and belief, with full knowledge of the '637 Patent, Digital River and Digital River E-Business Services willfully and wantonly infringed the '637 Patent in deliberate and intentional disregard of NetRatings' rights, making this an exceptional case pursuant to 35 U.S.C. § 285.

### COUNT VI

### Infringement Of United States Patent No. 6,138,155 by Fireclick

48. NetRatings repeats the allegations contained in Paragraphs 1 through 47 as though fully set forth herein.

49. Upon information and belief, Fireclick has been, still is, and will continue infringing, contributing to the infringement of, and/or inducing the infringement of the '155 Patent in violation of 35 U.S.C. § 271 by making, selling, using and/or offering for sale one or more of its products, including, but not limited to, its Netflame, Advanced

11

Warehouse and Advanced Marketing Suite products, alone and/or in combination with other Fireclick products or services.

50. Upon information and belief, Fireclick has had notice of the '155 Patent and its infringement of the '155 Patent has been and continues to be willful, entitling NetRatings to enhanced damages pursuant to 35 U.S.C. § 284.

51. As a result of Fireclick's infringement of the '155 Patent, NetRatings has suffered injury to its business and property in an amount to be determined as damages, and will continue to suffer damages in the future.

52. Unless an injunction is issued enjoining Fireclick and its officers, agents, servants, employees and attorneys, and all those persons in active concert or participation with it, from infringing the '155 Patent, NetRatings will be irreparably harmed.

53. Upon information and belief, with full knowledge of the '155 Patent, Fireclick willfully and wantonly infringed the '155 Patent in deliberate and intentional disregard of NetRatings' rights, making this an exceptional case pursuant to 35 U.S.C. § 285.

### COUNT VII

### Infringement Of United States Patent No. 6,763,386 by Fireclick

54. NetRatings repeats the allegations contained in Paragraphs 1 through 54 as though fully set forth herein.

55. Upon information and belief, Fireclick has been, still is, and will continue infringing, contributing to the infringement of, and/or inducing the infringement of the

'386 Patent in violation of 35 U.S.C. § 271 by making, selling, using and/or offering for sale one or more of its products, including, but not limited to, its Netflame, Advanced Warehouse and Advanced Marketing Suite products, alone and/or in combination with other Fireclick products or services.

56. Upon information and belief, Fireclick has had notice of the '386 Patent and its infringement of the '386 Patent has been and continues to be willful, entitling NetRatings to enhanced damages pursuant to 35 U.S.C. § 284.

57. As a result of Fireclick's infringement of the '386 Patent, NetRatings has suffered injury to its business and property in an amount to be determined as damages, and will continue to suffer damages in the future.

58. Unless an injunction is issued enjoining Fireclick and its officers, agents, servants, employees and attorneys, and all those persons in active concert or participation with it, from infringing the '386 Patent, NetRatings will be irreparably harmed.

59. Upon information and belief, with full knowledge of the '386 Patent, Fireclick willfully and wantonly infringed the '386 Patent in deliberate and intentional disregard of NetRatings' rights, making this an exceptional case pursuant to 35 U.S.C. § 285.

### COUNT VIII

**Infringement Of United States Patent No. 6,763,386
by Digital River and Digital River E-Business Services**

60. NetRatings repeats the allegations contained in Paragraphs 1 through 59 as though fully set forth herein.

61.  Upon information and belief, Digital River and Digital River E-Business Services have been, still are, and will continue infringing, contributing to the infringement of, and/or inducing the infringement of the '386 Patent in violation of 35 U.S.C. § 271 by making, selling, using and/or offering for sale one or more products, including, but not limited to, Software Passport, Blue Hornet and Relevant Reach products, alone and/or in combination with each other and/or other products and/or services.

62.  Upon information and belief, Digital River has been, still is, and will continue infringing, contributing to the infringement of, and/or inducing the infringement of the '386 Patent in violation of 35 U.S.C. § 271 by making, selling, using and/or offering for sale one or more of Fireclick's infringing products.

63.  Upon information and belief, Digital River and Digital River E-Business Services have had notice of the '386 Patent and their infringement of the '386 Patent has been and continues to be willful, entitling NetRatings to enhanced damages pursuant to 35 U.S.C. § 284.

64.  As a result of Digital River and Digital River E-Business Services' infringement of the '386 Patent, NetRatings has suffered injury to its business and property in an amount to be determined as damages, and will continue to suffer damages in the future.

65.  Unless an injunction is issued enjoining Digital River and Digital River E-Business Services their officers, agents, servants, employees and attorneys, and all those

persons in active concert or participation with it, from infringing the '386 Patent, NetRatings will be irreparably harmed.

66. Upon information and belief, with full knowledge of the '386 Patent, Digital River and Digital River E-Business Services willfully and wantonly infringed the '386 Patent in deliberate and intentional disregard of NetRatings' rights, making this an exceptional case pursuant to 35 U.S.C. § 285.

## Count IX

### Infringement of United States Patent No. 6,115,680 by BlueHornet

67. NetRatings repeats the allegations contained in Paragraphs 1 through 66 as though fully set forth herein.

68. Upon information and belief, BlueHornet has been, still is, and will continue infringing, contributing to the infringement of, and/or inducing the infringement of the '680 Patent in violation of 35 U.S.C. § 271 by making, selling, using and/or offering for sale one or more of its products, including, but not limited to, its eMS products, alone and/or in combination with other products or services.

69. Upon information and belief, BlueHornet has had notice of the '680 Patent and its infringement of the '680 Patent has been and continues to be willful, entitling NetRatings to enhanced damages pursuant to 35 U.S.C. § 284.

70. As a result of BlueHornet's infringement of the '680 Patent, NetRatings has suffered injury to its business and property in an amount to be determined as damages, and will continue to suffer damages in the future.

71.     Unless an injunction is issued enjoining BlueHornet and its officers, agents, servants, employees and attorneys, and all those persons in active concert or participation with it, from infringing the '680 Patent, NetRatings will be irreparably harmed.

72.     Upon information and belief, with full knowledge of the '680 Patent, BlueHornet willfully and wantonly infringed the '680 Patent in deliberate and intentional disregard of NetRatings' rights, making this an exceptional case pursuant to 35 U.S.C. § 285.

## Count X

### Infringement of United States Patent No. 6,115,680 by Direct Response

73.     NetRatings repeats the allegations contained in Paragraphs 1 through 72 as though fully set forth herein.

74.     Upon information and belief, Direct Response has been, still is, and will continue infringing, contributing to the infringement of, and/or inducing the infringement of the '680 Patent in violation of 35 U.S.C. § 271 by making, selling, using and/or offering for sale one or more of its products, including, but not limited to, its DirectTrack products, alone and/or in combination with other products or services.

75.     Upon information and belief, Direct Response has had notice of the '680 Patent and its infringement of the '680 Patent has been and continues to be willful, entitling NetRatings to enhanced damages pursuant to 35 U.S.C. § 284.

76. As a result of Direct Response's infringement of the '680 Patent, NetRatings has suffered injury to its business and property in an amount to be determined as damages, and will continue to suffer damages in the future.

77. Unless an injunction is issued enjoining Direct Response and its officers, agents, servants, employees and attorneys, and all those persons in active concert or participation with it, from infringing the '680 Patent, NetRatings will be irreparably harmed.

78. Upon information and belief, with full knowledge of the '680 Patent, Direct Response willfully and wantonly infringed the '680 Patent in deliberate and intentional disregard of NetRatings' rights, making this an exceptional case pursuant to 35 U.S.C. § 285.

## **PRAYER FOR RELIEF**

WHEREFORE, NetRatings prays for judgment and relief as follows:

A. A declaration that Defendants have infringed, are infringing, have induced and are inducing, and have contributed and are contributing to the infringement of United States Patent Nos. 5,675,510; 6,115,680; 6,108,637; 6,138,155; and 6,763,386 (collectively, the "patents in suit");

B. A preliminary and permanent injunction enjoining Defendants, their officers, agents, servants, employees and attorneys, and all those persons in active concert or participation with them, from further infringement, inducing infringement, and contributing to infringement of the patents in suit;

C. An award of damages in favor of NetRatings and against Defendants sufficient to fully compensate NetRatings for Defendants' infringement of the patents in suit and an assessment of prejudgment interest and post-judgment interest;

D. A finding by the Court that Defendants' infringement of the patents in suit is willful, and an award of enhanced damages pursuant to 35 U.S.C. § 284;

E. Trebling the compensatory damages due NetRatings;

F. A finding by the Court that this is an exceptional case under 35 U.S.C. § 285 and an award to NetRatings of its attorneys' fees, costs and expenses in this action; and

G. Such other and further relief as the Court deems just and equitable.

Dated:  August 7, 2006

    Stephen J. Davidson (No.0021301)
Erin C. Skold ( No. 0313683)

LEONARD, STREET AND DEINARD
Professional Association
Suite 2300
150 South Fifth Street
Minneapolis, Minnesota 55402
Telephone:  (612) 335-1500
Facsimile:  (612) 335-1657

and

DREIER LLP

Seth H. Ostrow (SO 9605)
Arianna Frankl (AF 7764)
499 Park Avenue
New York, New York 10022
Telephone: (212) 328-6100
Facsimile:  (212) 328-6101

***Attorneys for NetRatings, Inc.***

## **DEMAND FOR JURY TRIAL**

NetRatings, Inc. hereby demands trial by jury of all claims and issues so triable.

Dated:  August 7, 2006

s/ Erin C. Skold
Stephen J. Davidson (No.0021301)
Erin C. Skold ( No. 0313683)
LEONARD, STREET AND DEINARD
Professional Association
Suite 2300
150 South Fifth Street
Minneapolis, Minnesota 55402
Telephone:  (612) 335-1500
Facsimile:  (612) 335-1657

and

DREIER LLP

Seth H. Ostrow (SO 9605)
Arianna Frankl (AF 7764)
499 Park Avenue
New York, New York 10022
Telephone: (212) 328-6100
Facsimile:  (212) 328-6101

*Attorneys for NetRatings, Inc.*

275103